UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SIMMONS BANK                                                                                              PLAINTIFF

v.                                              No. 5:22-CV-05004

UFOTJENJU, LLC, et. al                                                                              DEFENDANTS

## OPINION AND ORDER

Before the Court is Plaintiff Simmons Bank's motion (Doc. 55) to deposit funds and brief in support (Doc. 56). Simmons Bank's motion also included a request for attorney's fees. Defendant Franklin Designs, Inc. ("Franklin Designs") filed a response (Doc. 60). Defendant Trustmark National Bank ("Trustmark") filed a motion to dismiss and a disclaimer of interest in disputed funds (Doc. 57) and a brief in support (Doc. 58). Trustmark also filed a response (Doc. 59) in support of Simmons Bank's motion to deposit funds. For the reasons stated below, the motions will be GRANTED.

**I.      Background**

On January 5, 2022, Simmons Bank initiated this action and filed a complaint for interpleader. The complaint alleged Simmons Bank currently holds $107,502.79 in disputed funds ("the Funds"), is a disinterested stakeholder, and wishes to interplead the funds into the Court registry pending disposition of all competing claims. The complaint named the following defendants: UFOTJENJU, LLC, TD Bank, N.A., People's United Bank, N.A. ("People's Bank"), Trustmark, Goldman Gruder & Woods, LLC ("GGW"), Kenneth J. Ginsburg d/b/a The Law Offices of Kenneth J. Ginsburg, and Franklin Designs. Separate Defendants Franklin Designs, Trustmark, and GGW each filed answers to the complaint. On March 29, 2022, Simmons Bank filed an amended complaint and added Separate Defendant Chicago Title Insurance Company as

1

a party. Separate Defendants Franklin Designs, Trustmark, GGW, and Chicago Title Insurance Company each filed answers to the amended complaint. The Clerk has entered default against Separate Defendants UFOTJENJU, LLC (Doc. 43), Kenneth J. Ginsberg (Doc. 32), and People's Bank. (Doc. 32). No party has motioned the Court for default judgment against the defaulting defendants. *See* Fed. R. Civ. P. 55(b)(2).

Simmons Bank's instant motion seeks to interplead the Funds. Simmons Bank also requests to be dismissed as a party to the action and for the Court to award it $8,443.00 in attorney's fees and $602.00 in costs. Franklin Designs filed a response stating it did not object to interpleader and Simmons Bank's dismissal, however, Franklin Designs argues an award of $2,405.97 in attorneys' fees and costs is a more reasonable fee award. Trustmark does not oppose Simmons Bank's motion to deposit funds or request for fees, and Trustmark seeks dismissal because it disclaims any interest in the Funds.

## II.   Analysis

### a. Interpleader

"Interpleader is a procedural device that allows a party holding money or property, concededly belonging to another, to join in a single suit two or more parties asserting mutually exclusive claims to the fund. In this way the stakeholder is freed from the threat of multiple liability." *Acuity v. Rex, LLC*, 296 F. Supp. 3d 1105, 1107 (E.D. Mo. 2017) (citing *Gains v. Sunray Oil Co.*, 539 F.2d 1136, 1141 (8th Cir. 1976)). A party may bring a claim under 28 U.S.C. § 1337 or Federal Rule of Civil Procedure 22, as Simmons Bank did here. Rule 22 "does not provide an independent basis for jurisdiction," however, jurisdiction may be based on diversity jurisdiction pursuant 28 U.S.C. § 1332. *Am. Gen. Life Ins. Co. v. White*, 20-cv-01586, 2021 WL 2075559, at *2 (E.D. Mo. May 24, 2021) (quotations and citations omitted). Here, there is complete diversity

of citizenship because Simmons Bank is a citizen of Arkansas and Defendants are citizens of Georgia, Canada, Connecticut, Mississippi, New York, and Florida.  Further, the Funds are in excess of $75,000.  Because there is diversity of citizenship and the amount in controversy exceeds $75,000, the jurisdictional requirements are satisfied.

Interpleader is a two-stage process.  *Oakley Grains, Inc. v. Shumate*, No. 4:17-cv-00717, 2018 WL 4568596, at *2 (E.D. Ark. Sept. 24, 2018).

> During the first stage, the court decides whether interpleader is available by determining "whether the prerequisites to rule or statutory interpleader have been met by examining such things as citizenship of the litigants, the merits of the asserted threat of multiple vexation . . . ." Charles Alan Wright, et al., 7 Fed. Prac. & Proc. Civ. § 1714 (3d ed.) (West 2013).  The Court then proceeds to the second stage to determine the respective rights of the claimants to the fund at issue.

*Id.*  When interpleader is available, the court "may issue an order discharging the stakeholder, if the stakeholder is disinterested, enjoining the parties from prosecuting any other proceeding related to the same subject matter, and directing the claimants to interplead." Wright, § 1714.  "When the stakeholder does not assert a claim to the stake, 'the stakeholder should be dismissed immediately following its deposit of the stake into the registry of the court.  That dismissal should take place without awaiting an adjudication of the defendants' competing claims." *Oakley Grains, Inc.*, 2018 WL 4568596, at *2 (citing *Hudson Sav. Bank v. Austin*, 479 F.3d 102, 107 (1st Cir. 2007)).

The Court finds interpleader is proper.  The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 and Simmons Bank has shown the threat of multiple vexation against the Funds by identifying adverse parties who have claimed, or can claim, the Funds.  The Court authorizes Simmons Bank to deposit the Funds in its possession into the registry of the Court.  Upon deposit of the Funds, Simmons Bank will be discharged from any further liability regarding the Funds and dismissed with prejudice from this case.

### b. Attorneys' Fees and Costs

Simmons Bank requests $8,443.00 in attorney's fees and $602 in costs. Attorney's fees and costs are generally awarded to a disinterested stakeholder out of an interpleaded fund. *Miller Mut. Ins. Ass'n of Ill. v. Wassall*, 738 F.2d 302, 304 (8th Cir. 1984). "To determine reasonable attorney's fees, the court must first calculate the lodestar by multiplying the number of hours worked by the prevailing hourly rate." *Burton v. Nilkanth Pizza Inc.*, 20 F.4th 428, 431 (8th Cir. 2021) (citing *Vines v. Welspun Pipes Inc.*, 9 F.4th 849, 855 (8th Cir. 2021)). Because of a district court's intimate familiarity with its local bar, the district court has "great latitude to determine a reasonable hourly rate." *Childress v. Fox Assocs.*, 932 F.3d 1165, 1172 (8th Cir. 2019). "The court also may rely on reconstructed time entries to calculate the hours worked if those entries satisfactorily document the time but should exclude hours that were not reasonably expended from its calculations." *Burton*, 20 F.4th at 431 (internal quotations and citations omitted). "A district court has discretion to determine the number of hours to be awarded when conducting the lodestar . . . [and] [i]n exercising this discretion, the court 'should weigh the hours claimed against the court's own knowledge, experience, and expertise of the time required to complete similar activities.'" *Hill-Smith v. Silver Dollar Cabaret, Inc.*, No. 20-CV-5051, 2020 WL 4741917 (W.D. Ark. Aug. 14, 2020) (first citing *Fires v. Heber Springs Sch. Dist.*, 565 F. App'x 573, 576 (8th Cir. 2014)); and then quoting *Gilbert v. Little Rock*, 867 F.2d 1063, 1066 (8th Cir. 1989)).

Quattlebaum, Grooms & Tull PLLC represents Simmons Bank in this action, and attorney Phillip Elmore preformed most of the work. Mr. Elmore's hourly rate was $260/hr. in 2021 and $270/hr. in 2022. Because no explanation is given for the $10/hr. increase, and based on the Court's experience, knowledge, of the local market, the Court finds $260/hr. to be a reasonable hourly rate. Mr. Elmore billed 31.8 hours and at a rate of $260/hr., the Court finds the lodestar

amount to be $8,268.00. Franklin Designs does not argue Mr. Elmore's hourly rate or hours worked is unreasonable.

Instead, Franklin Designs argues that because any attorney's fee award will be taken out of the Funds, the Court should reduce the fee award to be consistent with the potential recovery of the claimants. Specifically, Franklin Designs argues the Funds represent 26.6% of the $402,611.55 Franklin Designs, GGW, and Chicago Title claim to have lost and, therefore, Simmons Banks' fees should be reduced by 26.6%, for a total of $2,245.87. However, the Court finds an award of $8,268.00 in attorney's fees to be approximately 7% of the interpleaded funds and does not violate the "important policy interest in seeing that the fee award does not deplete the fund at the expense of the party who is ultimately deemed entitled to it." *Cmty. State Bank v. Wilson*, No. 18-cv-4078, 2019 WL 5596416, at *3 (W.D. Ark. Oct. 30, 2019) (quotations and citation omitted); *see Regions Bank v. Lamb*, No. 16-CV-0078, 2016 WL 4707995, at *5 (E.D. Ark. Sept. 8, 2016) ( "Courts have awarded fees in amounts varying between .1% and 15% of the interpleaded funds.").

Simmons Bank requests $602 in costs, which reflects the filing fee and fee for service upon two defendants. The Court finds these costs recoverable and reasonable. The Court awards Simmons Bank $8,268.00 in attorney's fees and $602 in costs, to be paid from the Funds.

### c. Dismissal of Trustmark National Bank

Trustmark's motion to dismiss states it expressly disclaims any interests in the Funds and requests dismissal with prejudice. "Normally, when a defendant in an interpleader action files a declaration disclaiming in any interest in the funds deposited in court by the complainant, that defendant has no further interest or legal standing in the action." *Oakley Grains, Inc.*, 2018 WL 4568596, at *3 (quotations and citation omitted). Because Trustmark has disclaimed any interest,

the Court finds Trustmark has no claim to the Funds and will grant Trustmark's motion to dismiss with prejudice.

### III. Conclusion

IT IS THEREFORE ORDERED that Simmons Bank's motion (Doc. 55) to deposit funds is GRANTED. Simmons Bank is directed to deliver to the Clerk of this Court, within 21 days, a sum of $107,502.79. At that time, Simmons Bank will be dismissed and discharged. The Clerk is directed to deposit the $107,502.79 into the registry of this Court, as soon as business allows, to invest the funds into an interest-bearing account or interest-bearing instrument. Said funds are to remain so deposited or invested with any interest earned to be reinvested with the principal until the Clerk advises the funds are to be withdrawn for disposition pursuant to further order of this Court.

IT IS FURTHER ORDERED that after the Funds are deposited into the Court's registry, the Clerk of Court is directed to distribute $8,870.00 of that amount to Simmons Bank's counsel. The remaining balance shall remain in the Court's possession pending further adjudication of the claimants' rights thereto.

IT IS FURTHER ORDERED that Trustmark National Bank's motion (Doc. 57) to dismiss is GRANTED and Trustmark National Bank is DISMISSED from this action WITH PREJUDICE.

IT IS SO ORDERED on this 10th day of August, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE