UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SIMMONS BANK                                                                             PLAINTIFF

v.                                      No. 5:22-cv-05004

UFOTJENJU LLC, et. al                                                                   DEFENDANTS

### ORDER

Before the Court is Defendant TD Bank, N.A.'s motion (Doc. 65) to dismiss and brief in support (Doc. 66). No responses have been filed, but no responses are necessary. For the reasons stated below, the motion will be GRANTED. Additionally, the Clerk shall separately enter defendant Goldman Gruder & Woods, LLC's DEFAULT.

**I.      Dismissal of TD Bank**

TD Bank's motion to dismiss expressly disclaims any interest in the funds that plaintiff Simmons Bank deposited to the Court's registry and requests dismissal with prejudice. The Court previously granted separate defendant Trustmark National Bank's motion to dismiss for the same reason. (Doc. 64). "Normally, when a defendant in an interpleader action files a declaration disclaiming any interest in the funds deposited in court by the complainant, that defendant has no further interest or legal standing in the action." *Oakley Grains, Inc. v. Shumate*, No. 4:17-cv-00717, 2018 WL 4568596, at *3 (E.D. Ark. Sept. 24, 2018) (quotations and citation omitted). Because TD Bank has disclaimed any interest, the Court finds TD Bank has no claim to the funds and will grant TD Bank's motion to dismiss with prejudice.

**II.     Entry of Default**

On August 1, 2022, the Court entered an order (Doc. 61) directing separate defendant Goldman Gruder & Woods, LLC to obtain counsel and have counsel enter an appearance on or

1

before August 12, 2022.  Goldman cannot represent itself *pro se* because it is a limited liability company.  *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996) ("the law does not allow a corporation to proceed *pro se*"); *see also City of Kansas City v. Hous. & Econ. Dev. Fin. Corp.*, 366 F. App'x 723, 723–24 (8th Cir. 2010) ("artificial entities may appear in federal courts only through licensed attorneys") (citing *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202–03 (1993)).  A corporation or artificial entity is in default when not represented by licensed counsel.  *Ackra Direct Mktg. Corp.*, 86 F.3d at 857.  The Court previously cautioned Goldman that failing to obtain counsel would result in a default judgment.  *See* Doc. 61.  Due to Goldman's failure to obtain counsel before the August 12th deadline and its ongoing failure to obtain counsel for the last three months, the Clerk is directed to enter Goldman's default under Federal Rule of Civil Procedure 55(a).

### III.  Conclusion

IT IS THEREFORE ORDERED that TD Banks's motion (Doc. 65) to dismiss is GRANTED and TD Bank is DISMISSED from this action WITH PREJUDICE.

IT IS FURTHER ORDERED that the Clerk shall separately enter Goldman Gruder & Woods, LLC's DEFAULT under Rule 55(a).

IT IS SO ORDERED on this 18th day of November, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE