UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SIMMONS BANK                                                                                          PLAINTIFF

v.                                            No. 5:22-CV-05004

UFOTJENJU, LLC, et al.                                                                           DEFENDANTS

## OPINION AND ORDER

Before the Court are Chicago Title Insurance Company and Franklin Designs, Inc.'s joint motion (Doc. 69) for default judgment and for distribution of funds and brief (Doc. 70) in support of their motion. For the reasons stated below, the motion will be GRANTED IN PART AND DENIED IN PART.

**I.     Background**

Simmons Bank initiated this interpleader action after receiving multiple complaints that funds in an account opened by UFOTJENJU, LLC may have been obtained fraudulently. (Doc. 1). The Court granted Simmons Bank's motion to deposit $107,502.79 in funds and dismissed Simmons Bank from the case. (Doc. 64). In its Amended Complaint, Simmons Bank named the following defendants: UFOTJENJU; TD Bank, N.A.; People's United Bank, N.A.; Trustmark National Bank; Goldman Gruder & Woods, LLC; Kenneth J. Ginsburg d/b/a The Law Offices of Kenneth J. Ginsburg; Franklin Designs; and Chicago Title. (Doc. 37). Since then, the Court dismissed Trustmark National Bank and T.D. Bank after those parties disclaimed any interest in the interpleaded funds. (Docs. 64, 67). Both Franklin Designs and Chicago Title asserted claims to the funds. (Docs. 40, 49).

The remaining parties—UFOTJENJU, People's United Bank, Goldman Gruder & Woods, and Kenneth Ginsburg—are all in default. (Docs. 32, 43, 68). Chicago Title and Franklin Designs

are the only parties still claiming an interest in the interpleaded funds. Those parties have reached a settlement agreement as to the amount of their claims to the funds. They now ask the Court to enter a default judgment under Federal Rule of Civil Procedure 55(b)(2) that finds "the defaulting defendants have no valid claim against the deposited funds." (Doc. 70, p. 6). The parties also seek an order that:

1. directs the Clerk to distribute $10,000 to Franklin Designs;
2. directs the Clerk to distribute the remaining balance of funds to Chicago Title after any taxes and fees are assessed for handling funds deposited in interest-bearing accounts;
3. dismisses this action with prejudice; and
4. permanently restrains the parties to this action from instituting or prosecuting any proceeding affecting the property involved in this interpleader action under 28 U.S.C. § 2361.

II.   Analysis

"It has been repeatedly held that the failure of a named interpleader defendant to answer the interpleader complaint and assert a claim to the res can be viewed as forfeiting any claim of entitlement that might have been asserted." *Cincinnati Ins. Co. v. Dievernich*, 2022 WL 4554847, at *5 (E.D. Ark. Sept. 28, 2022) (cleaned up). "Accordingly, 'a default judgment may be entered against any named and served interpleader defendant who fails to respond to the interpleader complaint.'" *Id.* (quoting *Protective Life Ins. Co. v. Tinney*, 2015 WL 1402464, at *4 (N.D. Ala. Mar. 25, 2015)). Because the defaulting parties have failed to respond to the complaint, default judgment is appropriate against UFOTJENJU, People's United Bank, Goldman Gruder & Woods, and Kenneth Ginsburg.

As the Court noted in its earlier order, interpleader is a two-stage process. See Doc. 64, p. 3. The process is now in stage two, during which the Court must determine the claimants' respective rights to the fund at issue. *Id.* When all defendants default except one, the remaining

defendant is entitled to the fund.  *See Nationwide Mut. Fire Ins. Co. v. Eason*, 736 F.2d 130, 133 n.4 (4th Cir. 1984); *cf. State Farm Mut. Auto. Ins. Co. v. Wagnon*, 959 F.2d 245 (10th Cir. 1992) ("A default judgment entered against a claimant in an interpleader action terminates that party's interest in the fund at issue.")  Here, there are two remaining defendants with claims to the funds: Franklin Designs and Chicago Title.  Those parties have agreed to settle their respective claims to the funds, and the Court agrees to determine their rights to the funds in accordance with the settlement.  Therefore, the Court finds that Franklin Designs is entitled to $10,000 and Chicago Title is entitled to the balance of the funds after assessment of any taxes and fees.

The last issue is whether to enter an order restraining the parties from instituting or prosecuting any proceeding affecting the property involved in this interpleader action under 28 U.S.C. § 2361.  This statute grants the district court discretion to enter such an order.  28 U.S.C. § 2361 ("the district court *may* issue") (emphasis added).  The Court does not believe such an order is necessary in this case, and the Court declines to enter the requested order.

**III.    Conclusion**

IT IS THEREFORE ORDERED that Franklin Designs and Chicago Title's joint motion (Doc. 69) for default judgment and distribution of funds is GRANTED IN PART AND DENIED IN PART.  Judgment will be entered separately.

IT IS FURTHER ORDERED that the Clerk of Court is directed to distribute $10,000 of those deposited funds to Franklin Designs.

IT IS FURTHER ORDERED that the Clerk of Court is directed to distribute the remaining balance of the funds after assessment of any taxes and fees to Chicago Title.

IT IS FURTHER ORDERED that this action is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED on this 23rd day of February, 2023.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE